LEWIS WEISMAN, PLAINTIFF-RESPONDENT, v. CHARLES A. GILLIGAN, DEFENDANT-APPELLANT.

Submitted December 8, 1923—Decided March 3, 1924.

Nonsuit—District Court—Evidence of Plaintiff Tended to Support Case But Did Not Account to Proof—Tried Without Jury—Parties Entitled as of Right, Not of Discretion, to a Judgment Which the Finding the Equivalent of a Verdict, Entitles Them.

On appeal from the District Court of East Orange.

Before Justices KALISCH and KATZENBACH.

For the defendant-appellant, *Louis J Beers.*

For the plaintiff-respondent, *Herman B. J. Weckstein.*

PER CURIAM.

This is an appeal from a judgment of nonsuit entered in the District Court of East Orange by direction of the court. The case was tried by the court without a jury. The defendant below is the appellant. The agreed state of the case contains the following statement: "The action was in tort to recover damages to the plaintiff's automobile in an automobile accident. Witnesses for the plaintiff were produced, sworn and testified. Plaintiff rested. No motion for a nonsuit was made. Defendant produced witnesses who were sworn and testified. Defendant rested and closed his case. The plaintiff offered no rebuttal. No motion for a nonsuit or direction of a verdict was made by either side." The case was submitted to the court for decision and the court made the following remarks: "Although the plaintiff has shown some evidence of the negligence, in that the defendant was traveling at a high rate of speed, yet the testimony of the witnesses for the plaintiff and the defendant conflict, and the plaintiff has not sustained the burden of proof, neither has

the defendant proved contributory negligence. I will enter a judgment of nonsuit." To this ruling the defendant excepted.

The appellant contends that the court erred in granting a nonsuit and that he was entitled to a judgment. Section 167 of the District Court act provides that "every District Court shall have power to nonsuit the plaintiff in every case in which said proofs shall not entitle either plaintiff or defendant to the judgment of said court." We construe the words of the court in the agreed state of the case submitted to be a statement that the proof was not sufficiently satisfactory to the court to entitle either plaintiff or defendant to a judgment, and that he would therefore grant a nonsuit. We think it was within the power of the court under this section of the statute to grant a nonsuit. The appellant relies upon the case of *Settel* v. *Public Service Railway Co.,* 94 *N. J. L.* 137. The Court of Errors and Appeals in that case said: "The parties are entitled as of right, not of discretion, to a judgment which the finding, the equivalent of a verdict, entitled them." The trial judge in the District Court had said that he was not satisfied, by a fair preponderance of the evidence, of the negligence of the defendant, and then added, "in view of that fact I am going to enter a nonsuit in this case on the ground that the plaintiff was guilty of contributory negligence." The Court of Errors and Appeals said this amounted to a finding of fact that the plaintiff was guilty of contributory negligence.

In the present case the court said that the plaintiff had shown some evidence of negligence but had not sustained the burden of proof; that the evidence was conflicting; that the defendant had not proved the contributory negligence, and that he would therefore enter a judgment of nonsuit. This statement contained no finding of fact which differentiates it from the case of Settel *v.* Public Service Railway Co.

The judgment is affirmed.